## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CARL ZEISS MEDITEC, INC.**<br><br>       **Plaintiff,**<br><br>  **v.**<br><br>**OPTOVUE, INC. and**<br>**MASSACHUSETTS INSTITUTE OF**<br>**TECHNOLOGY,**<br>        **Defendants.** | **Case No.**<br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT FOR DECARATORY RELIEF

Plaintiff Carl Zeiss Meditec, Inc. ("CZMI") hereby alleges as follows for its complaint against Optovue, Inc. ("Optovue") and Massachusetts Institute of Technology ("MIT"):

## THE PARTIES

1.      Plaintiff CZMI is incorporated under the laws of the State of New York and has headquarters at 5160 Hacienda Drive, Dublin, California, 94568.

2.      On information and belief, Defendant Optovue is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 45531 Northport Loop W., Fremont, California, 94538.

3.      On information and belief, Defendant MIT is an educational and research institution organized and existing under the corporate laws of the Commonwealth of Massachusetts, with its principal place of business at 77 Massachusetts Ave., Cambridge, Massachusetts, 02142.

## JURISDICTION AND VENUE

4.      This is an action for a declaratory judgment of patent non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, with a

specific remedy sought under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and

2202.  An actual, substantial, and continuing justiciable controversy exists between CZMI, on

the one hand, and Optovue and MIT, on the other hand, that requires a declaration of rights by

this Court.

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over Optovue because Optovue has purposely

availed itself of the privilege of conducting business activities within this district.

7.     This Court has personal jurisdiction over MIT because MIT resides in the

Commonwealth of Massachusetts.  Further, this Court has personal jurisdiction over MIT

because MIT has purposely availed itself of the privilege of conducting business activities in this

district.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400

because a substantial part of the events giving rise to the claims presented in this Complaint

occurred in this district.  Venue is further proper because both Optovue and MIT are subject to

personal jurisdiction in this judicial district and are therefore deemed to reside in this district

pursuant to 28 U.S.C. § 1391(c).

## **FACTUAL BACKGROUND**

9.     Plaintiff CZMI, one of the world's leading medical technology companies,

develops and supplies ophthalmic diagnostic and therapeutic technologies and systems to treat a

wide variety of eye diseases.

10.     CZMI's products include its Cirrus™ HD-OCT, an optical coherence tomography instrument used in ophthalmology.  The Cirrus™ HD-OCT product is sold throughout the United States, including Massachusetts.

11.     Defendant Optovue manufactures optical coherence tomography instruments, including the RTVue and iVue products, and makes, uses, sells, and/or offers to sell the RTVue and iVue products throughout the United States, including in Massachusetts.

12.     U.S. Patent 7,884,945 entitled "Methods and Apparatus for Optical Coherence Tomography Scanning" (the "'945 Patent") was issued by the United States Patent and Trademark Office ("PTO") on February 8, 2011.  A true and correct copy of the '945 Patent is attached hereto as Exhibit A.

13.     Defendant MIT is the owner of certain rights, title and interest in the '945 Patent, and is listed with the PTO as the assignee of record for that Patent.  A true and correct copy of the PTO assignment history for the '945 Patent is attached hereto as Exhibit B.

14.     On information and belief, Optovue is the exclusive licensee of the '945 Patent.

15.     CZMI sued Optovue for patent infringement in the District of Delaware on February 2, 2010, Case No. 10-084-GMS, alleging that Optovue infringes U.S. Patent Nos. 7,301,644 ("the '644 Patent") and 7,505,142 ("the '142 Patent") by making, using, selling, offering to sell, and/or importing devices, including the RTVue product, covered by one or more claims of the '644 and '142 Patents, and/or contributing to or inducing the same by third parties (the "RTVue Infringement Suit")

16.     On May 5, 2011 CZMI filed a Second Amended Complaint in the RTVue Infringement Suit, alleging that Optovue also infringes U.S. Patent 7,659,990 ("the '990 Patent") by making, using, selling, offering to sell, and/or importing devices, including the RTVue

product, covered by one or more claims of the '990 Patent, and or contributing to or inducing the same by third parties.

17.    Also on May 5, 2011, CZMI filed a Motion for Leave to file a Third Amended Complaint in the RTVue Infringement Suit.  CZMI's proposed Third Amended Complaint alleges that Optovue additionally infringes U.S. Patent Nos. 5,537,162 ("the '162 Patent") and 7,924,429 ("the '429 Patent") by making, using, selling, offering to sell, and/or importing devices, including the RTVue and/or iVue products, covered by one or more claims of the '162 and '429 Patents, and/or contributing to or inducing the same by third parties.

18.    CZMI and Optovue filed a series of stipulations extending the time for Optovue to answer the Second Amended Complaint and respond to the Motion for Leave to file a Third Amended Complaint in order "to give the parties an opportunity to continue their ongoing attempts to resolve this matter informally."  Optovue's answer to the Second Amended Complaint and response to the Motion for Leave to file a Third Amended Complaint are currently due November 14, 2011.

19.    Optovue informed CZMI in May 2011 that, in the event that the parties' settlement negotiations to resolve the RTVue Infringement Suit were not successful, it intended to sue CZMI for willfully infringing the '945 Patent, both directly and indirectly, by making, using, selling, offering to sell, and/or importing CZMI products, including the Cirrus™ HD-OCT. On Wednesday, November 9, 2011, after over four months of trying to reach a settlement agreement, the parties' settlement negotiations collapsed.

20.    The breakdown of discussions between Optovue and CZMI regarding settlement of the RTVue Infringement Suit, and Optovue's expressed intent to sue CZMI for infringement of the '945 Patent in the event of such a breakdown, give CZMI a reasonable apprehension that

Optovue and MIT will sue CZMI for infringement of the '945 Patent, and establish that a substantial controversy exists between the parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment under 28 U.S.C. §2201(a) as to the validity of the '945 Patent and its alleged infringement by CZMI's products.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,884,945)**

21.     The allegations of paragraphs 1 through 20 are incorporated by reference as though fully set forth herein.

22.     This is an action for declaratory judgment of non-infringement of any valid and enforceable claims of the '945 Patent.

23.     Optovue has alleged and continues to allege that CZMI infringes the '945 Patent. Optovue has threatened to resolve the matter through litigation.

24.     CZMI has not infringed and does not infringe, induce infringement, or contribute to the infringement of any valid and enforceable claim of the '945 Patent.  Neither the Cirrus™ HD-OCT nor any other product made, used, sold, offered for sale, or imported by CZMI meets all of the claim limitations of any valid and enforceable claim of the '945 Patent.

25.     Therefore, an actual and justiciable controversy exists between CZMI and both Optovue and MIT as to whether CZMI's products, including the Cirrus™ HD-OCT product, infringe the '945 Patent.  CZMI accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '945 Patent.

26.     A judicial declaration is necessary and appropriate so that CZMI may ascertain its rights regarding the '945 Patent.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,884,945)

27.     The allegations of paragraphs 1 through 26 are incorporated by reference as though fully set forth herein.

28.     This is an action for declaratory judgment of invalidity of any and all claims of the '945 Patent.

29.     CZMI has an objectively reasonable apprehension that Optovue and MIT will sue CZMI for infringement of the '945 Patent.

30.     The '945 Patent is invalid because it fails to satisfy the conditions and requirements for patentability specified in 35 U.S.C. §§ 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

31.     Therefore, an actual and justiciable controversy exists between CZMI and both Optovue and MIT as to the validity of the '945 Patent.  CZMI accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '945 Patent.

32.     A judicial declaration is necessary and appropriate so that CZMI may ascertain its rights regarding the '945 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CZMI respectfully requests the following relief:

a.     A declaration that CZMI does not infringe any valid and enforceable claim of the '945 Patent;

b.     A declaration that the '945 Patent is invalid;

c.     A declaration that this is an exceptional case under 35 U.S.C. § 285 and awarding CZMI its reasonable costs, expenses and attorneys' fees in this action; and

d.     Such other and further relief as the Court may deem appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff CZMI demands a jury trial on all issues triable of right by a jury.

Dated:  November 9, 2011             FISH & RICHARDSON P.C.


By:  /s/ Kurt L. Glitzenstein
        Kurt L. Glitzenstein (BBO 565312)
        **FISH & RICHARDSON P.C.**
        One Marina Park Dr.
        Boston, MA  02110
        Telephone:  (617) 542-5070
        Facsimile:  (617) 542-8906

        Of counsel:
        Katherine K. Lutton
        500 Arguello Street, Suite 500
        Redwood City, CA 94063
        Telephone: (650) 839-5003
        Facsimile: (650) 839-5071

        Attorneys for Plaintiff
        **CARL ZEISS MEDITEC, INC.**